**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CALVIN SLOCUM,
                    Appellant,

            v.

UNITED STATES POSTAL SERVICE,
                    Agency.

DOCKET NUMBER
AT-0752-07-0157-C-2

DATE: January 8, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Eric F. Adams, Esquire, Huntsville, Alabama, for the appellant.

Cynthia R. Eggleston, Esquire, Memphis, Tennessee, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the compliance initial decision which dismissed his petition for enforcement under the doctrine of res judicata.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the compliance initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        The appellant filed the instant petition for enforcement based upon the agency's alleged noncompliance with the Board's final order in *Slocum v. U.S. Postal Service*, AT-0752-07-0157-B-1.  MSPB Docket No. AT-0752-07-0157-C-2 (C-2), Compliance File (CF), Tab 1 at 1; *see* MSPB Docket No. AT-0752-07-0157-B-1, Final Order (June 6, 2008) (hereafter "Final Order").  In his petition for enforcement, the appellant argued that he had only received back pay for a 3-month period between October 4, 2006, and January 19, 2007, and that the agency wrongly denied him back pay between January 21, 2007, and May 25, 2009.  C-2, CF, Tab 1 at 1.  In further support of his petition, the appellant asserted that the Board's prior final order "commanded the USPS to restore the appellant to duty effective October 4, 2006, and for the Appellant to be made whole with back pay and other benefits from that date forward."  *Id*. at 1-2; *see* Final Order (denying the agency's petition for review and ordering the agency to restore the appellant effective October 4, 2006).

¶3        The agency moved to dismiss the appellant's petition for enforcement under the doctrine of res judicata.  C-2, CF, Tab 4.  In its motion to dismiss, the agency noted that after the Board issued its prior final order returning the appellant to

duty, he, through counsel, entered into a settlement agreement with the agency providing the appellant back pay between October 4, 2006, and January 20, 2007, and $6,800 in attorney's fees. *Id*. at 80-84. The agency explained, moreover, that the appellant filed a prior petition for enforcement arguing that the agency improperly calculated his back pay pursuant to the terms of this agreement and that the administrative judge assigned to that compliance proceeding[2] found that the agency was in compliance with the terms of the settlement agreement and denied the petition for enforcement on the merits. *Id*. at 3-4; *see* MSPB Docket No. AT-0752-07-0157-C-1 (C-1), Compliance Initial Decision (Dec. 4, 2009) (hereafter "CID-1").[3]

¶4  Based upon this chronology, the administrative judge dismissed the appellant's second petition for enforcement under the doctrine of res judicata. C-2, CF, Tab 11, Compliance Initial Decision (hereafter "CID-2") at 6. In her compliance initial decision, the administrative judge found that the appellant could not maintain his second petition for enforcement because there had been an earlier determination on the merits that the agency complied with the settlement agreement and paid him the correct amount of back pay. CID-2 at 5. The appellant has filed a petition for review asserting that the settlement agreement did not absolve the agency from compensating him for the entire period of time he was in a non-pay status and that the agency has failed to comply with the terms of the Board's June 6, 2008 final order. C-2, Petition for Review (PFR) File, Tab 1 at 1-2. The agency has filed a response to the petition for review, and the appellant has filed a reply. PFR File, Tabs 3-4.

---

[2] A different administrative judge was assigned to the appellant's first petition for enforcement.

[3] In his prior petition for enforcement, the appellant argued, inter alia, that the agency failed to compensate him for lost overtime and holiday pay and that he incurred additional medical expenses based upon his loss of health insurance. *See* C-1, CF, Tab 10. He, however, did not expressly challenge the agency's issuance of a back pay check limited to a 3-month period of time. *Id*.

¶5    Under the doctrine of res judicata, a valid, final judgment on the merits of an action bars a second action involving the same parties or their privies based on the same cause of action. *Senyszyn v. Department of the Treasury*, 113 M.S.P.R. 453, ¶ 9 (2010). Res judicata precludes the parties from relitigating issues that were, or could have been, raised in the prior action and is applicable if the following criteria are satisfied: (1) the prior judgment was rendered by a forum with competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases. *Id.* The Board has expressly held that the doctrine of res judicata applies to issues that were raised, or could have been raised, in a petition for enforcement. *Id.*; *see Vargo v. U.S. Postal Service*, 62 M.S.P.R. 156, 159 (1994) (finding that res judicata did not bar a second petition for enforcement because the first petition for enforcement was not resolved on the merits, but rather was dismissed as settled).

¶6    The record demonstrates that the appellant filed his first petition for enforcement on November 5, 2008, challenging the agency's alleged failure to comply with the terms of the settlement agreement. C-1, CF, Tab 1. During the pendency of that compliance proceeding, the agency issued the appellant a check for lost back pay between October 6, 2006, and January 20, 2007, and in response thereto, the appellant "disputed the amounts paid by the Agency" and asserted that he was owed over $228,000, including lost back pay, overtime and holiday pay. C-1, CF, Tab 10 at 1-2. The administrative judge assigned to the appellant's first petition for enforcement denied the petition on its merits, finding that the agency properly calculated the appellant's back pay under the terms of the settlement agreement and that some of his benefits had been cancelled as the

result of a separate enforced leave action taken against the appellant which he never appealed.[4]  CID-1 at 3-4.

¶7        We agree that the doctrine of res judicata bars the appellant's second petition for enforcement.  CID-2 at 5.  We concur with the administrative judge that the appellant could have raised the issue of whether the agency erred in limiting its back pay check to 3 months' pay in his first petition for enforcement,[5] that the administrative judge assigned to the first petition for enforcement resolved that petition on the merits, and that the administrative judge's decision became a final judgment on the merits when the Board denied the appellant's petition for review.  *See* CID-2 at 5; MSPB Docket No. AT-0752-07-0157-C-1, Final Order (May 10, 2010).[6]  Additionally, there is no dispute that the Board was a forum of competent jurisdiction to address the appellant's allegations of noncompliance in his prior petition for enforcement.  *See* 5 U.S.C. § 1204(a)(2); 5 C.F.R. § 1201.182.  We therefore agree with the administrative judge that res judicata bars the appellant from bringing the second petition for

---

[4] The record reflects that the agency issued the appellant a notice of proposed enforced leave and a letter of decision imposing a separate period of enforced leave effective January 20, 2007.  C-2, CF, Tab 6 at 48-51.

[5] In making this finding, we emphasize that the agency issued the appellant the check for 3 months' back pay during the pendency of the first petition for enforcement and that the administrative judge issued his compliance initial decision in that proceeding several months *after* the appellant received the back pay check from the agency.  *See* C-1, CF, Tab 10 at 11 (back pay check dated January 7, 2009); CID-1 (compliance initial decision dated December 4, 2009).  We thus find that the appellant knew that the agency issued him back pay for only a 3-month period during the pendency of the prior petition for enforcement and that he could have moved to include this issue in the first compliance proceeding.  *See* 5 C.F.R. § 1201.25(b) (an appellant may raise a claim or defense not included in the appeal at any time before the end of the conference(s) held to define the issues in the case, and an appellant may raise a new claim or defense after that time upon a showing of good cause).

[6] The appellant filed an appeal of the Board's final order in MSPB Docket No. AT-0752-07-0157-C-1 with the U.S. Court of Appeals for the Federal Circuit, which was subsequently dismissed.  *See Slocum v. U.S. Postal Service*, 455 F. App'x 959 (Fed. Cir. 2010).  The denial of his prior petition for enforcement is thus a final judgment on the merits for the purposes of res judicata.

enforcement alleging agency noncompliance when he could have raised the issue of the proper scope of his back pay in his prior petition for enforcement. *See Senyszyn*, 113 M.S.P.R. 453, ¶¶ 9-12; CID-2 at 5-6.

¶8      The administrative judge's compliance initial decision dismissing the appellant's second petition for enforcement under the doctrine of res judicata is AFFIRMED and the petition for review is DENIED.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and

Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at <u>http://www.mspb.gov/probono</u> for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:             _____
                                         William D. Spencer
                                         Clerk of the Board

Washington, D.C.